IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

MARCO HERNANDEZ,

    Petitioner,

v.                                           Case No. 1:24-cv-00091

E. ROKOSKY, WARDEN, FCI MCDOWELL,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 8). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While incarcerated at FCI McDowell in Welch, West Virginia, Petitioner filed the instant § 2241 petition asserting that his good conduct time ("GCT") was improperly calculated and that he had been improperly penalized because he had not completed a voluntary GED program. (ECF No. 1). In response to the petition, Respondent filed a Motion to Dismiss, or in the alternative, for Summary Judgment (ECF No. 8), asserting that Petitioner failed to exhaust available administrative remedies, as required, before filing his petition, and further asserting that Petitioner's GCT was properly calculated. On May 20, 2024, Petitioner filed a response/reply asserting that exhaustion of

administrative remedies would be futile, given the short time he had to seek a remedy, and that, after the filing of his § 2241 petition, Respondent had modified his GCT calculation, and thus, "already fixed it." (ECF No. 11). Petitioner further contended that he was exempt from the GED program requirement because he had a final order of removal that would cause his deportation from the United States when he was released from prison. (*Id.*) Petitioner's response/reply further asserts that, just before he was to be released to ICE custody on April 28, 2024, he was charged with an old prison disciplinary violation and feared that he was going to lose more GCT.

However, according to the Federal Bureau of Prisons' ("BOP") inmate locator on its website, www.bop.gov, Petitioner was released from BOP custody on June 7, 2024. Thus, Petitioner's § 2241 petition is now moot and must be dismissed.

## **ANALYSIS**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).

As noted above, Petitioner has been released from BOP custody without any collateral consequences related to his claims; thus, this federal court is no longer able to grant his requested relief. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to his release from BOP custody without collateral consequences. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss, or in the alternative for Summary Judgment (ECF No. 11), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber and the opposing party.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at his last known address.

<u>August 27, 2024</u>

Dwane L. Tinsley
United States Magistrate Judge

4